## In the Matter of BENJAMIN LEVINSON, an Attorney.

First Department, May 27, 1921.

Attorney and client — suspension of attorney for six months for failure to render substantial service under contract of retainer and to repay clients amount agreed if unsuccessful — power of court to investigate contracts between attorneys and clients relating to professional services.

Attorney at law suspended for six months where it appeared that after receiving payments under agreements to procure the reclassification of men subject to the United States Selective Service Law and to return the amounts received if unsuccessful, said attorney rendered no material service to his clients and failed to repay to them the amount agreed.

While attorneys at law are privileged to make contracts with their clients for remuneration for services, yet the court is vested with a supervisory control over its officers and is authorized to investigate dealings between those officers and their clients to see that the conduct of its officers is fair, honest and straightforward and that clients are neither deceived nor defrauded in their relations with their attorneys, and while the court does not summarily or by disciplinary proceedings investigate ordinary business contracts made by attorneys, yet when the basis of the contract is the professional relation of attorney and client, its jurisdiction is plenary and ample.

DISCIPLINARY proceedings instituted by the Association of the Bar of the City of New York.

*Edward J. McGuire* of counsel [*Einar Chrystie*, attorney], for the petitioner.

Respondent in person.

CLARKE, P. J.:

The respondent was admitted to the bar at a term of the Appellate Division, First Department, in June, 1899, and was practicing in the First Judicial District at the time he committed the acts complained of.

The petition alleges that he has been guilty of misconduct as an attorney at law with four specifications. The learned official referee has found him not guilty of the first specification. The second is as follows:

In October, 1918, the respondent received the sum of $200

for services to be rendered in behalf of Jacob Fleitman, who had been classified in class 1, pursuant to the provisions of the Selective Service Law. The money was paid to the respondent upon the express condition and agreement by respondent that if for any reason the respondent failed to secure Fleitman's reclassification into class 5 the respondent would return $100 thereof. The respondent did not render any substantial service in behalf of his client. Fleitman was not reclassified but was inducted into the military service of the United States. The respondent has refused to return any part of the money paid to him as aforesaid.

The third charge states a similar agreement with one Cebarsky, and the fourth charge is as follows:

That in September, 1918, the respondent received the sum of seventy-five dollars for services to be rendered in behalf of one Nathan Cohen in connection with his registration and reclassification under the Selective Service Law. Cohen was inducted into the military service of the United States and sent to France. The respondent did not render any substantial service in behalf of his client. The respondent has refused to return any part of the money received by him as aforesaid.

As to charges 2 and 3 the respondent admits the agreement and receipt of payment and denies the rest. As to the fourth charge he admits the agreement and the receipt of seventy dollars, denying in his answer the remaining allegations.

The learned official referee has reported as to charge 2 that " it clearly appears from the evidence that the respondent in the referee's opinion rendered no substantial service to Fleitman for the $200 fee he received nor did he ever refund the $100 as required by the explicit terms of the agreement embodied in the receipt. Respondent claims that he tendered this amount to Fleitman but Fleitman refused to accept it. I find upon the second charge that the respondent was guilty of unprofessional conduct in that he did not to any appreciable degree carry out the conditions with his client."

As to the third charge he reports: " It is clear from a thorough examination of the testimony, that the complaining witness's discharge from the army was due to no service rendered for him by respondent. It is also undisputed that no part of the fee was ever refunded by respondent as required

by his agreement of retainer.   Therefore, upon charge No. 3, concerning Julius Cebarsky I find the respondent guilty of misconduct as an attorney at law."

As to charge 4 he reports:  " It appears from the respondent's direct testimony that the original agreement of $200 was abandoned by him voluntarily, and that he agreed to refund $37.50.   The evidence is undisputed that no part of the fee was ever refunded by respondent, and upon charge 4, I find the respondent guilty of misconduct in that he did not make the refund called for by his agreement."

The United States Selective Service Law of May 18, 1917, provided that all males between the ages of twenty-one and thirty were required to be registered and thereafter made subject to draft according to its terms in the military forces authorized by the act unless either exempted or excused. (40 U. S. Stat. at Large, 80, § 5.)*   Section 79 of the regulations adopted pursuant to said act provided that any registrant who was found to be a resident alien (and not an alien enemy) and who had not declared his intention to become a citizen of the United States should be placed in class 5 of the registrants unless he waived expressly his exemption.   In class 5 were placed those who were permanently incapacitated and those wholly unfit and incapable of military service.

There was a simple question of fact presented in each case before the local board which was whether the registrant was a non-declarant alien and, therefore, entitled to be placed in class 5 as wholly exempted from military service.

The respondent alleges that he had been for a number of years attorney for the Immigrant Aid Society and that in the course of his work he had been brought in contact with hundreds if not thousands of immigrants and aliens and that they came to him with their grievances at the time of this confusion in the administration of the Selective Service Law as regards aliens; that he found in many instances that the local boards had placed non-declarant aliens in class 1, as subject to military duty who ought not to have been so classified; that he deemed it the legal right of these persons to have a review of the action of the local boards by the courts, and

---

* Since amd. by 40 U. S. Stat. at Large, 955, § 3.— [REP.

that in the case entitled *United States ex rel. Samuel Miller* v. *Local Exemption Board No. 8 of the City of New York* he had succeeded in obtaining from one of the judges of the United States District Court in the southern district of New York the allowance of a writ of certiorari to review the action of the local board and as a result thereof his client had been released from the obligation of service; that this becoming known a number of other non-declarant aliens had come to him for aid and assistance in their attempts to avoid military service and that he had begun some twenty-two other certiorari proceedings but that none of the other United States judges would follow the precedent established in the *Miller* case and refused the writ; that he felt that as these were test cases and that if he succeeded the result would be for the benefit of all of the people who came to him he was entitled to charge each one a proportionate fee of $200 to pay for his general services in the matter, making an agreement to refund one-half of the amount if the registrant was not discharged from service for any cause. He claims to have paid back one-half the amount received from all of his clients with the exception of the three named in the second, third and fourth specifications of the charges in the petition. He further claims that at the utmost all that has been shown is a breach of contract in that he has not paid back the amount agreed upon and for such breach of contract an action might lie but that he would not be amenable therefor to disciplinary proceedings. The respondent loses sight of the fact, however, that while attorneys at law are privileged to make contracts with their clients for remuneration for services yet the court is vested with a supervisory control over its officers and is authorized to investigate dealings between those officers and their clients to see that the conduct of its officers is fair, honest and straightforward and that their clients are neither deceived nor defrauded in their relations with their attorneys, and while the court does not summarily or by disciplinary proceedings investigate ordinary business contracts made by attorneys, yet when the basis of the contract is the professional relation of attorney and client its jurisdiction is plenary and ample. We do not pass upon the question of the legality of the contracts of retainer as

no such issue was presented in the petition. The sole question is whether the respondent earned the full amount paid to him by his efforts, that is, did he obtain the release of the specified individuals from military service, as to which the answer must be, under this evidence, that he did not. *Secondly,* whether he has repaid to them the amount agreed by him to be repaid upon his failure to accomplish said result, it is established that he did not. *Thirdly,* whether the facts established that he was guilty of professional misconduct in not so repaying them the amount agreed upon, the answer must be that he was. An enormous amount of irrelevant testimony was taken in the case. The brief submitted by the respondent consists of upwards of 200 typewritten pages, the greater portion of which is utterly irrelevant to the issues. The ultimate fact is that he did nothing for the particular persons mentioned in the three charges sustained by the referee and that he has not repaid the amount that he agreed to.

Our conclusion is that he should be suspended for six months.

LAUGHLIN, DOWLING, MERRELL and GREENBAUM, JJ., concur.

Respondent suspended for six months. Settle order on notice.