**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 29, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

In re: JENNIE DEDEN BEHLES,

Attorney - Appellant.

No. 19-2117
(D.C. No. 1:19-MC-00019-WJ-KG-LF)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **BALDOCK**, and **EID**, Circuit Judges.
_____

This appeal grew out of an attorney's disbarment. The attorney, Ms.

Jennie Deden Behles, practiced in New Mexico for almost 50 years until

she was disbarred in New Mexico state court. This disbarment led New

Mexico's federal district court to disbar Ms. Behles, prompting her to

appeal the disbarment in federal court[1] on the ground that procedural

---

[*]     Oral argument would not materially help us to decide this appeal. We have thus decided the appeal based on the appellate briefs and the record on appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

    This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

[1]     In a separate proceeding, our court disbarred Mr. Behles from practicing in this appellate court. Mr. Behles contends that our order of disbarment does not preclude her challenge to the district court's order of

deficiencies had tainted the disbarment in state court. We reject Ms. Behles's procedural challenges.

**1.    Notice**

Ms. Behles's procedural challenges include the adequacy of the notice provided in the state disciplinary proceedings. This challenge stems from the federal district court's requirement for attorneys to remain in good standing.

Ms. Behles concedes that she did not remain in good standing in New Mexico state court. *See* D. N.M. L. Civ. R. 83.2(c). But she points out that she could obtain relief from this requirement through clear and convincing evidence that the notice in state court was so deficient that it deprived her of due process. D. N.M. L. Civ. R. 83.2(d)(2)(A).

The notice issue stems from the relationship between the disciplinary board's findings, Ms. Behles's fee contract with her client, and the client's payments to Ms. Behles. Ms. Behles's client, Dubalouche, LLC, leased a commercial building to a company that hired a contractor to renovate. The renovations sparked discord, with Dubalouche alleging damage to the building and the contractor and subcontractors alleging nonpayment and asserting liens. Ms. Behles entered the fray as the attorney for Dubalouche.

_____

disbarment. For the sake of argument, we assume that Ms. Behles is correct.

2

She entered a fee agreement with Dubalouche and obtained a $7,500 retainer. According to Ms. Behles, her hourly fees outstripped the amount in the retainer. Given the need for additional legal work, Dubalouche agreed to pay Ms. Behles a flat fee of $25,000 plus a contingency fee for any recovery on the property-damage claims.

After paying Ms. Behles the flat fee, Dubalouche deposited over $150,000 in the court's registry and litigated the validity of the liens. The litigation settled, and $19,239 remained in the court's registry for a refund to Dubalouche. Rather than forward the money to Dubalouche, Ms. Behles took it. She argues that this money was owed for attorney fees. Dubalouche disagreed and filed a bar complaint that blossomed into disciplinary charges.

Ms. Behles points out that the disciplinary charges stemmed from the circumstances surrounding the $7,500 retainer and Dubalouche's payment of the $25,000 as a flat fee. Given the origin of the dispute, Ms. Behles concedes that the retainer and payment of the $25,000 were relevant; but she alleges inadequate notice that the retainer and the $25,000 payment would factor into the disciplinary charges. In support of this allegation, she cites the disciplinary board's "specification of charges."

The Fourteenth Amendment's Due Process Clause entitled Ms. Behles to adequate notice. *In re Ruffalo*, 390 U.S. 544, 550 (1968). Because notice involves a matter of law, our review is plenary. *In re*

3

*Martin*, 400 F.3d 836, 841 (10th Cir. 2005). Conducting plenary review, we conclude that the notice was adequate.

The disciplinary board's specification of charges stated that

- Dubalouche had agreed to pay a $25,000 flat fee and

- Ms. Behles had falsified records to hide her theft of the $19,239 in the court registry.

Ms. Behles argues that she knew only that the disciplinary proceedings would center on her taking of the $19,239 remaining in the court's registry. But the dispute over the $19,239 turned on whether Ms. Behles was owed any attorney fees, which stemmed from Dubalouche's payment of the $7,500 retainer and $25,000 flat fee.

From the outset, Dubalouche had alleged full payment based on the $7,500 retainer and flat fee of $25,000. No one could determine whether Ms. Behles was entitled to the $19,239 without considering Dubalouche's payment of the retainer and flat fee. Indeed, Ms. Behles herself underscored the interrelationship between her taking of the $19,239 and Dubalouche's payment of the $7,500 retainer and $25,000 flat fee:

> The Specification charged Behles with taking money, the $19,239.00, to which she was not entitled. The uncontroverted and uncontradicted evidence showed that Dubalouche owed Behles money and that Dubalouche was virtually always delinquent in keeping the payment of attorney fees current. As a necessary and an integral part of showing Behles was entitled to the money, it was necessary to address history of billing and credits on the Dubalouche account. The accounting showed that Behles was owed attorney fees when she took the $9,239.00 and that even with Behles crediting the $19,239.00, Dubalouche still

4

owed her attorney fees. The history of the Dubalouche account could not have been properly presented without showing the $7,500.00 and the $25,000.00 went to satisfy amounts owed Behles for the work that she performed for Dubalouche.

Aplt. App., Vol. I at 36 (Jennie D. Behles Reply to the Disciplinary Board's Response Opposing the Motion to Strike Portions of Requested Findings of Fact & Conclusions of Law at 3 (June 7, 2018)).

The disciplinary board and New Mexico Supreme Court also concluded that Dubalouche's payments had satisfied Dubalouche's attorney-fee obligations. The disciplinary charges did not concern the quality of Ms. Behles's work or her entitlement to the retainer or flat fee. The disciplinary charges instead centered on Ms. Behles's taking of the $19,239 even though she had been fully paid by the retainer and flat fee.

Neither the disciplinary board nor the New Mexico Supreme Court attributed any wrongdoing to Ms. Behles for acquiring the retainer or flat fee. The wrongdoing consisted solely of her taking the $19,239 after obtaining the retainer and flat fee. We thus reject Ms. Behles's argument involving inadequate notice as to consideration of the retainer and flat fee.[2]

---

[2] In discussing the procedural background, Ms. Behles also states that the disciplinary board's counsel had limited the scope of the investigation to a seven-month period in 2016. Appellant's Opening Br. at 3-6. But Ms. Behles never makes an argument as to notice of the applicable time-frame.

**2.    Jurisdiction to Consider Ms. Behles's Fee Contract with Dubalouche**

Ms. Behles also argues that the disciplinary board and New Mexico Supreme Court exceeded their jurisdiction by deciding the parties' respective rights and obligations under the fee contract. According to Ms. Behles, contractual issues should be resolved through civil litigation.

The federal district court rejected this argument, as we do. Contractual disputes are often litigated in state district court through civil cases. But the availability of civil litigation for fee disputes does not bar disciplinary proceedings growing out of a contract:

> [W]hile attorneys at law are privileged to make contracts with their clients for remuneration for services, yet the court is vested with a supervisory control over its officers, and is authorized to investigate dealings between those officers and their clients, to see that the conduct of its officers is fair, honest, and straightforward, and that their clients are neither deceived nor defrauded in their relations with their attorneys . . . .

Such an argument would have been meritless. Ms. Behles is apparently referring to a letter that the disciplinary board's counsel wrote, requesting complete accounting records:

> To date, I have yet to receive complete trust accounting records from you regarding your client, Dubalouche, LLC. Specifically, provide your general ledger, individual ledger, trust account bank statements with imaged checks from January 1, 2016 through July 31, 2016, corresponding reconciliations (i.e. reconciliations performed from January 1, 2016 through July 31, 2016) and copies of all invoices received for costs paid.

Aplt. App., Vol. I at 5 (Letter from Anne L. Taylor, Assistant Disciplinary Counsel to Jennie Behles, Esq. (July 20, 2017)). The disciplinary board never said or implied that it was confining the disciplinary charges to events taking place during this seven-month period.

6

*In re Levinson*, 197 A.D. 46, 49 (N.Y. Sup. Ct., App. Div. 1921), *quoted with approval in In re Burns*, 40 P.2d 105, 110 (Idaho 1935).

**3.    Number of Justices Participating in the Decision**

When Ms. Behles's case was in the New Mexico Supreme Court, the court had five justices. But only four participated in the decision. One of the justices (the Honorable Michael Vigil) recused, and the Court designated a retired justice (the Honorable Charles Daniels) to replace the recused justice. But Justice Daniels ultimately did not participate.[3]

Ms. Behles argues that the absence of a fifth justice created a denial of due process. The district court properly rejected this argument: The fifth justice had recused, the replacement had died, and the four remaining justices were unanimous. In these circumstances, Ms. Behles obtained due process through the unanimous decision of all non-recused justices on the court.

Affirmed.[4]

Entered for the Court


Robert E. Bacharach
Circuit Judge

---

[3]    He died on September 1, 2019, and the court issued a written decision twenty-two days later.

[4] We grant Ms. Behles's motion and take judicial notice of the New Mexico Supreme Court's order and opinion from her disciplinary proceedings.